John M. Breckenridge, Jr., Greene, Mann, Rowe, Stanton, Mastry & Burton, Greene, Mann, Rowe, Stanton, Mastry & Burton, Tampa, Fla., for respondent/cross-petitioner.

Elliott Moore, Deputy Associate General Counsel, John P. Coyle, N.L.R.B., Washington, D.C., for petitioner/cross-respondent.

Before ENGEL and KEITH, Circuit Judges, and PHILLIPS, Senior Circuit Judge.

## NATIONAL LABOR RELATIONS BOARD, Petitioner/Cross-Respondent,

v.

## FLORIDA TILE COMPANY, DIVISION OF SIKES CORPORATION, Respondent/Cross-Petitioner.

### Nos. 81–1402, 81–1467.

United States Court of Appeals, Sixth Circuit.

Nov. 2, 1982.

ORDER

This case is before the court upon application of the National Labor Relations Board for enforcement (No. 81–1402) and Florida Tile Company's petition for review (No. 81–1467) of the decision and order of the Board reported at 255 N.L.R.B. No. 9. Reference is made to the decision of the Board for a recitation of pertinent facts and issues.

Upon consideration, the court concludes that the decision of the Board is supported by substantial evidence on the record considered as a whole. *Universal Camera Corp. v. N.L.R.B.,* 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951). This includes that part of the decision and order holding that the company violated § 8(a)(3) and (1) of the

Act by discharging Ms. Connie Beavers, and directing her reinstatement with backpay.

Ms. Beavers was discharged after she solicited the signing of Union authorization cards, had worn a Union button and otherwise supported the campaign of the Union to represent the employees as collective bargaining representative. A company rule authorized the discharge of an employee after receipt of three disciplinary slips in one year. Ms. Beavers had received only one disciplinary slip before the beginning of the Union campaign. After she had begun soliciting signature cards, she was presented with two disciplinary slips at the same time growing out of two incidents occurring the same day. Ms. Beavers was discharged for "harassing and badgering another employee to do something against her will" and for "making vicious and malicious statements about a fellow employee," both of which statements included profanity. It is significant that two other employees, Ms. Joan Newton and Ms. Pat Humphrey, who opposed the Union and had used profanity in making derogatory statements, were not disciplined by the Company. *See, e.g., Head Division, AMF, Inc. v. N.L.R.B.,* 593 F.2d 972, 975 (10th Cir. 1979) (disparate treatment of employees supports inference of unlawful motivation); *N.L.R.B. v. Big Three Industrial Gas & Equipment Co.,* 579 F.2d 304, 312 (5th Cir. 1978), *cert. denied,* 440 U.S. 960, 99 S.Ct. 1501, 59 L.Ed.2d 773 (1979) (disparate enforcement of valid company rule is proper basis for inference of unlawful motivation).

Accordingly, it is ORDERED that the order of the Board be and hereby is enforced.

Entered by order of the court.